**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION**

David W. Poindexter,　　　　　　　　　　　　　　　　　　　Civil No. 06-410 RHK/AJB

　　　　　　　　Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　**REPORT AND RECOMMENDATION**

R.L. Morrison,

　　　　　　　　Respondent.

　　　　This matter is before the Court, Magistrate Judge Arthur J. Boylan, on Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Docket No. 1]. The action has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). Petitioner commenced this action seeking an order requiring the Bureau of Prisons to consider whether he should be transferred to halfway house for the final six months of his confinement. Petitioner challenges the BOP's method of determining when a prisoner should be transferred into a community corrections center (CCC), i.e. halfway house, such that an inmate's CCC or home confinement placement is limited to the last ten percent of the sentence being served, not to exceed six months.[1] Petitioner contends that the BOP's CCC placement policy fails to take his individual needs and

---

[1] 18 U.S.C. § 3624(c) states in pertinent part:
　　The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community

1

circumstances into account in determining the length of transitional confinement. Mr. Poindexter is an inmate at the Federal Prison Camp in Duluth, Minnesota, and is serving a 12 month sentence[2] on a conviction in the District of Minnesota. His projected release date, with good time, is November 28, 2006, and his presently determined eligibility date for halfway house placement is October 24, 2006, an allowance of approximately 35 days.

The present action is one of a number of such cases commenced by prisoners who are challenging a BOP regulation that limits an inmate's eligibility for pre-release CCC placement to ten percent of the sentence, not to exceed six months. This policy categorically precludes certain prisoners, including the petitioner in this matter, from receiving halfway house placement for a length of time greater than ten percent of the sentence, though such time is less than the six month maximum allowed under 18 U.S.C. § 3624(c). The prisoners contend that application of this policy runs contrary to a requirement that the BOP exercise its discretion regarding placement on a case-by-case basis, thereby making halfway house placement decisions based upon consideration of the nature and circumstances of the inmate's offense, the history and characteristics of the prisoner, and any statement or placement recommendation by the court that imposed the sentence. 18 U.S.C. § 3621(b).[3]

---

[2] Sentence was imposed by United States District Court Judge Richard H. Kyle, the district judge assigned to this habeas corpus action.

[3] 18 U.S.C. § 3621(b) states in pertinent part:
> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility . . . that the Bureau determines to be appropriate and suitable, considering–
> > (1) the resource of the facility contemplated;
> > (2) the nature and circumstances of the offense;
> > (3) the history and characteristics of the prisoner;
> > (4) any statement by the court that imposed sentence–

The Eighth Circuit Court of Appeals recently issued its decision in <u>Fults v. Sanders</u>, __ F.3d __, 2006 WL 870745 (8th Cir.), therein holding that the Bureau of Prison's regulation limiting CCC placement to no more than ten percent of a prisoner's sentence is in conflict with 18 U.S.C. § 3621(b) and is invalid.  Under the <u>Fults</u> decision the BOP may not categorically determine the amount of CCC placement time that a prisoner will be allowed, but rather, the BOP must exercise its discretion on a case-by-case basis and must consider the particular circumstances relating to the individual prisoner.

With respect to the prisoner in the present case, Mr. Poindexter, the BOP did not consider the circumstances relating to the individual inmate, but instead made a simple calculation to determine that October 24, 2006, is the date that starts the last ten percent of his sentence, and is therefore his CCC placement eligibility date.  Pursuant to <u>Fults v. Sanders</u> the BOP is required to make an individualized determination and cannot exercise "categorical discretion."  The method used by the Bureau of Prisons in determining Mr. Vallem's halfway house placement date was not a proper method in which to exercise its discretion, and the petitioner is therefore entitled to reconsideration of his CCC eligibility date by the BOP.

Based upon the foregoing discussion, along with the petition and memorandum response, **IT IS HEREBY RECOMMENDED** that petitioner David Poindexter's Petition for Writ

---

(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
(B) recommending a type of penal or correctional facility as appropriate;

of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **granted**. [Docket No. 1]. In the event that the district court grants relief as recommended herein, the Bureau of Prisons should be required to promptly conduct an individualized review of petitioner's CCC eligibility.

Dated:    April 14, 2006

   s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

      Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before April 25, 2006. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.